| | |
|---|---|
| DWAYNE MANN,<br><br>                          Plaintiff,<br><br>-vs-<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, RUTGERS UNIVERSITY – UNIVERSITY CORRECTIONAL HEALTH CARE, DR. GEETHA HRISHIKESAN, DR. SENWUBA, JOHN DOE 1,<br><br>                          Defendants. | **UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY**<br><br>Civil Action No.: 2:20-cv-10486-JMV-JAD<br><br><br>ELECTRONICALLY FILED |

**BRIEF ON BEHALF OF DEFENDANTS, DR. GEETHA HRISHIKESAN AND RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY (IMPROPERLY PLED AS RUTGERS UNIVERSITY – UNIVERSITY CORRECTIONAL HEALTH CARE), IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT, PURSUANT TO FED.R.CIV.P 12(b)(6), FOR FAILURE TO STATE A CLAIM.**

NORRIS McLAUGHLIN, P.A.
Annmarie Simeone, Esq.
400 Crossing Blvd, 8th Floor
Bridgewater, New Jersey 08807-5933
908-722-0700
Direct: 908-252-4279
Email: amsimeone@norris-law.com
Attorneys for Defendants, Dr. Geetha Hrishikesan and Rutgers, The State University of New Jersey (improperly pled as Rutgers University – University Correctional Health Care)

On the brief:
Margaret Raymond-Flood, Esq.
Annmarie Simeone, Esq.

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

FACTUAL ALLEGATIONS IN THE COMPLAINT ............................................................... 2

PROCEDURAL HISTORY ......................................................................................................... 3

LEGAL ARGUMENT .................................................................................................................. 3

    POINT I     PLAINTIFF'S CLAIMS AGAINST THE MEDICAL DEFENDANTS ALLEGING DELIBERATE INDIFFERENCE MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO FED.R.CIV.P. 12(b)(6) .................................................................................................... 3

        A.     Legal Standards Governing Motions to Dismiss Claim of Deliberate Indifference For Failure to State a Claim. ............................... 3

        B.     Plaintiff Fails to State a Claim of Deliberate Indifference Against Dr. Hrishikesan. ............................................................................................ 6

        C.     Plaintiff Fails to State a Claim of Deliberate Indifference Against Rutgers. ......................................................................................................... 7

CONCLUSION ............................................................................................................................. 8

## TABLE OF AUTHORITIES

**FEDERAL CASES**                                                                                                      **Page**

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) ............................................................................................. 3, 4, 8

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007) ................................................................................................. 3, 4

Durmer v. O'Carroll,
   991 F.2d 64 (3d Cir. 1993) ........................................................................................... 5

Estelle v. Gamble,
   429 U.S. 97 (1976) .................................................................................................... 5, 7

Farmer v. Brenner,
   511 U.S. 825 (1994) ....................................................................................................... 5

Giles v. Kearney,
   571 F.3d 318 (3d Cir. 2009) ......................................................................................... 4

Green v. Mazzone,
   2002 WL 1636709 (D.N.J. 2002) ............................................................................ 5, 7

Inmates of Allegheny County Jail v. Pierce,
   612 F.2d 754 (3d Cir. 1979) .................................................................................... 5, 7

Natale v. Camden County Correctional Facility,
   318 F.3d 575 (3d Cir. 2003) ......................................................................................... 7

Rouse v. Plantier,
   182 F.3d 192 (3d Cir. 1999) ..................................................................................... 4, 5

Soto v. State of New Jersey,
   2020 WL 2537857 (D.N.J. 2020) ................................................................................ 7

United States ex. Rel. Walker v. Fayette County, Pa.,
   599 F.2d 573 (3d Cir. 1979) ..................................................................................... 5, 6

White v. Napoleon,
   897 F.2d 103 (3d Cir. 1990) ......................................................................................... 5

## FEDERAL STATUTES

42 U.S.C. 1983 .................................................................................................................. 1

## RULES

Fed.R.Civ.P. 12(b)(6) ....................................................................................................... 3

## CONSTITUTIONAL PROVISIONS

Eighth Amendment .......................................................................................................... 1

## PRELIMINARY STATEMENT

On or about May 7, 2020, Plaintiff, Dwayne Mann, a prisoner incarcerated at Northern State Prison ("Plaintiff" or "Mann") in Newark, New Jersey, filed a Complaint against Dr. Geetha Hrishikesan ("Dr. Hrishikesan") and Rutgers, The State University of New Jersey (improperly pled as Rutgers University – University Correctional Health Care) ("Rutgers" or the "University") (jointly referred to as "Medical Defendants"). In his two-count Complaint, Plaintiff alleges only one claim against the Medical Defendants, namely, an Eighth Amendment claim for deliberate indifference to a serious medical need pursuant to 42 U.S.C. 1983. In the remaining count of his Complaint, Plaintiff asserts a Negligence claim against the New Jersey Department of Corrections. (Docket Entry 1, Exhibit A, "Complaint")

The entirety of Plaintiff's claim against Dr. Hrishikesan is based on his assertion that after he hurt his hand while he and another inmate were unstacking hard plastic containers (referred to as "Cambros"), Dr. Hrishikesan examined him and allegedly did not refer Plaintiff to a "specialist" and did not "give pain management." In addition, Plaintiff asserts Rutgers maintained a policy, practice, or custom of not treating the pain of bone fractures, and delaying referrals of prisoners with broken bones to specialists. Based on Plaintiff's sparse allegations, it is clear that Plaintiff, in fact, was treated by Dr. Hrishikesan, and merely disagrees with her professional judgment on the adequacy of the medical treatment. Furthermore, Plaintiff asserts only conclusory allegations regarding the alleged Rutgers policy described above, and provides no supporting factual content related to it. Plaintiff's scant allegations fail to state a constitutional claim of deliberate indifference against the Medical Defendants and, therefore, Plaintiff's Complaint should be dismissed with prejudice as against them.

## FACTUAL ALLEGATIONS IN THE COMPLAINT

In his Complaint, Plaintiff alleges he is an inmate at Northern State Prison and, on October 1, 2019, he broke his hand in an accident at the prison while he and another inmate were unwrapping large plastic containers holding hot food pans (referred to as "Cambros") which had been placed on a cart for transport. (Complaint, paras. 2-8). While the other inmate was unwrapping a Cambro at the top of the cart, it slipped out of his hand and fell onto Plaintiff's right hand, allegedly causing a fracture. (Complaint, paras. 9-11). Plaintiff alleges that an officer sent him to the medical unit where he was treated by a nurse practitioner who provided Plaintiff with a soft cast. (Complaint, para. 13). A few days later, Plaintiff received an x-ray and he asserts that an unidentified x-ray technician purportedly told him that his "hand is broken." (Complaint, para. 14). After having been placed in a soft cast and obtaining x-rays, Plaintiff alleges that Dr. Hrishikesan viewed the x-ray and re-wrapped his hand, but allegedly "did not provide pain management or refer Plaintiff to a specialist." (Complaint, para. 15).

Thereafter, Plaintiff claims to have submitted several grievances requesting pain management and that, as a result of the grievances, he was transferred to Mid-State Correctional Facility on October 18, 2019, where he received pain medication (Motrin). (Complaint, paras. 16-18). Plaintiff alleges that on November 23, 2019, he saw an "orthopedic specialist" who purportedly told him "that the damage to his hand was permanent" and "if he had been taken to the hospital sooner, surgery could have been performed to save the hand," which Plaintiff claims "no longer functions as it used to." (Complaint, paras. 19-21). Plaintiff also alleges, in conclusory fashion, that Rutgers had a policy, practice, or custom of not treating the pain of prisoners with bone fractures and delaying their referral to specialists. (Complaint, paras. 30-31).

2

## PROCEDURAL HISTORY

On or about May 7, 2020, Plaintiff filed a Complaint in the Superior Court of New Jersey, Law Division, Essex County, under Docket No. ESX-L-3491-20, against the Department of Corrections and the Medical Defendants. (Docket Entry 1, Exhibits A and B). On July 21, 2020, Dr. Hrishikesan, was served with the state court Complaint and Summons and on August 3, 2020, Rutgers was served with same. (Docket Entry 1, para. 5). On August 14, 2020, the Medical Defendants removed this matter to the United States District Court. (Docket Entry 1). This motion follows.

## LEGAL ARGUMENT

## POINT I

## PLAINTIFF'S CLAIMS AGAINST THE MEDICAL DEFENDANTS ALLEGING DELIBERATE INDIFFERENCE MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO FED.R.CIV.P. 12(b)(6)

### A. Legal Standards Governing Motions to Dismiss Claim of Deliberate Indifference For Failure to State a Claim.

A complaint cannot survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) unless it "contain[s] sufficient factual matter" to state a claim for relief that is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

In Iqbal, the Court explained, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 679 (quoting Twombly, 550 U.S. at 555). To meet the Iqbal standard, a Plaintiff must plead sufficient factual

3

content to allow the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. While the court must accept as true the Complaint's well-pleaded factual allegations and draw all reasonable inferences in favor of the non-movant, the court is not required to accept the assertions in the non-moving party's pleading that constitute conclusions of law. Id.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679 (citing Twombly, 550 U.S. at 556). The plausibility standard requires showing more than "a sheer possibility that a defendant has acted unlawfully." Id. It also requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and more than "'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (alteration in original) (quoting Twombly, 550 U.S. at 557). Rather, the factual allegations must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "If the plaintiff 'ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed.'" Twombly, 550 U.S. at 547.

Plaintiff alleges that the Medical Defendants were deliberately indifferent to his medical needs. To succeed on a deliberate indifference claim: (1) there must be an objectively serious medical condition; and (2) there must be a subjectively deliberate indifference to that condition on the part of prison officials. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of harm." Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009). Where prison officials know of the prisoner's serious medical need, deliberate indifference will be found where the official, "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Rouse, 182 F.3d at 197. Mere negligence

4


or medical malpractice does not constitute deliberate indifference without some more culpable state of mind. Id.; Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). Further, deliberate indifference will only be shown where there is criminal recklessness, for example, where the medical official in question has "disregard[ed] a risk of harm of which he is aware." Farmer v. Brenner, 511 U.S. 825, 837 (1994).

"[P]rison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer, 991 F.2d at 67. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." United States ex. Rel. Walker v. Fayette County, Pa., 599 F.2d 573,575 n. 2 (3d Cir. 1979). The Supreme Court has long held that the issue of whether "additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment." Estelle v. Gamble, 429 U.S. 97, 107 (1976). "Neither a prisoner's difference of opinion on a course of treatment, nor prison officials' inadvertent failure to provide adequate medical care, is sufficient to demonstrate a constitutional violation." Green v. Mazzone, 2002 WL 1636709 *4 (D.N.J. 2002) (citing White v. Napoleon, 897 F.2d 103, 109–10 (3d Cir. 1990)). Further, Plaintiff's preference for a particular treatment is not actionable. See Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (observing that courts will "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment...which remains a question of sound professional judgment" (citations omitted)).

Plaintiff has failed to plead any facts that state a cause of action against the Medical Defendants. While the factual content in Plaintiff's Complaint is sparse, it leaves no question that Plaintiff was received in the medical unit at the prison, evaluated by a medical professional (nurse practitioner), underwent diagnostic testing, and received treatment by placing his hand

5

immediately in a soft cast. Plaintiff admits that he subsequently received further medical attention and follow-up treatment from Dr. Hrishikesan who reviewed the x-ray and re-wrapped his hand. Plaintiff received even further treatment from another doctor (on October 18, 2019 at Mid-State Correctional Facility) who prescribed pain medication (Motrin); and from a specialist at St. Francis Medical Center (on November 23, 2019).

The Complaint alleges nothing more than Plaintiff's disagreement with the course of treatment, namely his subjective belief that he should have been referred to a "specialist" sooner and "given pain management," precisely the sort of difference of opinion that cannot be the basis of a constitutional claim. Further, Plaintiff does not state facts that in any way tend to show that Rutgers allegedly maintained a policy or practice of not providing pain management to prisoners with bone fractures and not referring them to specialists.

### B. Plaintiff Fails to State a Claim of Deliberate Indifference Against Dr. Hrishikesan.

The only basis for Plaintiff's claim against Dr. Hrishikesan is his disagreement with her professional judgment as it related to the adequacy of the treatment related to his hand injury. It is well-established that courts will not second-guess a doctor's professional judgment in deciding on a course of treatment. Fayette County, supra. This is not a case where Plaintiff was denied medical treatment. Rather, Plaintiff's own allegations establish that he was evaluated by a physician's assistant, underwent x-rays, and then was examined by Dr. Hrishikesan who reviewed the x-rays and re-wrapped the hand.

Plaintiff fails to allege any additional facts related to the treatment he received, including facts that would support the basis for his contention that Dr. Hrishikesan intentionally delayed or refused to provide treatment, or intentionally refused to refer Plaintiff to a specialist, contrary to her informed medical judgment. Based on Plaintiff's meagre allegations, Plaintiff fails to show that Dr. Hrishikesan disregarded a risk of harm and acted with criminal recklessness. Moreover,

6

Plaintiff fails to provide sufficient factual content from which the Court can reasonably infer any liability for deliberate indifference on the part of Dr. Hrishikesan.

Plaintiff's conclusory allegation that Dr. Hrishikesan engaged in a constitutional violation by allegedly not referring Plaintiff to a specialist is similarly deficient. Plaintiff's preference for a particular course of treatment is not actionable. Pierce, supra. See also, Green v. Mazzone, 2002 WL 1636709 at *6 (where the Court concluded that the doctor's denial of cortisone injections and the referral to a specialist did not rise to the level of a constitutional violation where the doctor's decision was based on his belief that the Plaintiff's condition did not require that treatment which was requested by Plaintiff). Even if Plaintiff had not been seen by an orthopedic specialist, a physician's decision not to make such a referral is another example of a decision based on professional medical judgment. Moreover, Plaintiff does not allege that the doctor intentionally, and with criminal recklessness, refused to make a referral for non-medical reasons or for any other reason. In sum, Plaintiff's subjective belief that he should have received additional or different treatment for his alleged injury cannot sustain his claim. Estelle, 429 U.S. 107-7.

C. **Plaintiff Fails to State a Claim of Deliberate Indifference Against Rutgers.**

As Rutgers is an entity, not an individual, Plaintiff must show that Rutgers established a policy or custom that caused the alleged constitutional violation he alleges in order to state a claim against Rutgers. Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). Conclusory allegations are insufficient to state a claim based on the existence of an alleged policy or custom. Soto v. State of New Jersey, 2020 WL 2537857 (D.N.J. 2020). Plaintiff's Complaint fails to include any facts to support his conclusory allegations that Rutgers maintained a policy, practice, or custom of not treating the pain of bone fractures and delaying the referral of prisoners with broken bones to a specialist. Absent from Plaintiff's bald assertions is any factual content from which the Court could draw a reasonable inference that Rutgers could be liable for

7

deliberate indifference. The law is clear that, in order to state a claim, a Plaintiff must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and more than "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 679. As set forth, Plaintiff's allegations are speculative and without any factual support and, thus, cannot substantiate a deliberate indifference claim against Rutgers.

## CONCLUSION

Based on the foregoing, the Medical Defendants respectfully submit that their Motion to Dismiss the Complaint should be granted, and Plaintiff's Complaint should be dismissed in its entirety as to the Medical Defendants.

> NORRIS McLAUGHLIN, P.A.
> Attorneys for Defendants, Dr. Geetha Hrishikesan and Rutgers, The State University of New Jersey (improperly pled as Rutgers University – University Correctional Health Care)
>
> By: _____
> ANNMARIE SIMEONE

Dated: September 4, 2020