<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DWAYNE MANN,** | Civil Action No. 20-10486 (JMV) (JSA) |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | |
| **NEW JERSEY DEPARTMENT OF CORRECTIONS, et al.,** | |
| Defendants. | |

<u>**JESSICA S. ALLEN, United States Magistrate Judge**</u>

This matter comes before the Court upon the motion of Plaintiff Dwayne Mann ("Plaintiff") to remand this case to the Superior Court of New Jersey. (ECF No. 32). The Honorable John M. Vazquez, U.S.D.J. referred this unopposed[1] motion to the Undersigned for a Report and Recommendation. This motion is decided without oral argument, pursuant to Federal Rule of Civil Procedure 78. Having considered Plaintiff's submission, for the reasons set forth below, and for good cause shown, it is respectfully recommended that Plaintiff's unopposed motion to remand be **GRANTED.**

---

[1] On July 6, 2021, Defendants Rutgers, The State University of New Jersey (improperly pled as Rutgers University—University Correctional Health Care) ("Rutgers"), Dr. Geetha Hrishikesan ("Hrishikesan"), and Dr. Senyumba ("Senyumba") ("Rutgers Defendants") requested an extension to file opposition and carry the motion's return date to August 2, 2021. (ECF No. 33). This Court granted the request, (ECF No. 34); however, the Rutgers Defendants did not file any opposition by the July 19, 2021 deadline. Nonetheless, out of an abundance of caution, on September 14, 2021, this Court issued an Order, affording the Rutgers Defendants until September 20, 2021 at 4:00 p.m. to file any opposition but warned that failure to do so would result in the Court considering the motion unopposed. (ECF No. 35). To date, these Defendants have not submitted any opposition.

I.       **RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

This action arises from Plaintiff's allegations that he sustained a broken hand when one of the carelessly stacked plastic containers being unwrapped by another inmate fell on his hand. (Compl. ¶¶ 3-4, 7-11 attached to Not. of Rem., ECF No. 1).  The thrust of Plaintiff's case is that the Northern State Prison kitchen staff carelessly subjected him to an unsafe work activity and the prison doctor denied him necessary medical care and treatment for his hand injury, causing him permanently damage.  (*Id.* at ¶¶ 23-31).  On or about May 7, 2020, then *pro se* Plaintiff[2] filed a two-count complaint in the Superior Court of New Jersey against Defendants New Jersey Department of Corrections ("DOC"), Rutgers, Hrishikesan, and Dr. Senyumba ("Senyumba") (sometimes "the Rutgers Defendants"). (*Id.*)  Plaintiff asserted a common law claim for negligence and deliberate indifference to a serious medical need in violation of the Eighth Amendment, pursuant to 42 U.S.C. § 1983. (*Id.* at ¶¶ 23-31).

On or about August 14, 2020, Defendants Rutgers and Hrishikesan (sometimes "Removing Defendants") removed the case to this District Court.  (ECF No. 1).  The Notice of Removal asserts that the District Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1331, based on the Section 1983 federal claim.  (*Id.* at 2, ¶ 2).  The Removing Defendants request that the District Court exercise supplemental jurisdiction over Plaintiff's state law negligence claim, pursuant to 28 U.S.C. § 1367. (*Id.*)

On September 4, 2020, the Removing Defendants filed a motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6)[3], which Plaintiff opposed. (ECF Nos. 5 and 10, respectively).  The DOC filed an answer to the complaint on September 18,

---

[2] On September 16, 2020, plaintiff's retained counsel entered an appearance. (ECF No. 6).
[3] At the time the motion was filed, Defendant Senyumba had not been served with process.  (ECF No. 14).  Thereafter, Senyumba executed a waiver of service, and requested to be included in the filed motion to dismiss. (*Id.*)  Judge Vazquez granted the request on October 15, 2020.  (ECF No. 15).

2020. (ECF No. 8). Yet, on October 26, 2021, Defendant DOC filed a 12(b)(6) motion to dismiss the Section 1983 claim (Count Two). (ECF No. 16). Four days later, on October 30, 2020, DOC withdrew the motion to dismiss, (ECF No. 17), because Plaintiff and DOC entered a Stipulation of Dismissal with prejudice as to Section 1983 claim (Count Two) against DOC.[4] (ECF No. 18). On November 2, 2021, Judge Vazquez ordered the DOC's motion to dismiss withdrawn (ECF No. 19), and issued the Stipulation of Dismissal and Order as to the Section 1983 claim against the DOC. (ECF No. 20).

Despite Defendant Senyumba having previously been granted permission to join the pending motion to dismiss filed by Rutgers and Hrishikesan, she, nonetheless, filed a motion to dismiss on November 10, 2020. (ECF No. 21). Plaintiff opposed the motion to dismiss, and alternatively, sought leave to amend his complaint to cure any deficiencies in his allegations against the Rutgers Defendants. (ECF No. 22). On April 26, 2021, Judge Vazquez issued an Order, granting Plaintiff leave to file an amended complaint that cured the deficiencies raised in the Rutgers' Defendants motion to dismiss. (ECF No. 24). The April 26, 2021 Order also administratively terminated the motions to dismiss but noted that Defendants could renew their motions, file new motions to dismiss, or file answers after Plaintiff filed an amended complaint. (*Id.*)

Plaintiff filed an amended complaint on May 18, 2021, wherein he again asserts the same negligence claim against DOC (Count One) and adds a cause of action for deliberate indifference to his medical needs as guaranteed by the New Jersey Constitution, pursuant to the New Jersey Civil Rights Act ("NJCRA") (Count Two). (ECF No. 26). Plaintiff has dropped the federal

---

[4] As an aside, based on this Court's review of the docket, it is unclear why DOC has been terminated as a party in this case. Indeed, the Stipulation of Dismissal with prejudice against DOC pertains only to the Section 1983 claim (Count Two), not the negligence claim (Count One). Plaintiff's amended complaint, filed on May 18, 2021, again asserts a negligence claim (Count One) against DOC based on the actions of the Northern State Prison employees. (ECF No. 26).

Section 1983 claim from the amended complaint. (*Id.*)  The NJCRA claim is based on the same facts as Plaintiff's now removed Section 1983 claim.  (*Id.* at 3-6, ¶¶ 24-50).

On June 10, 2021, the Rutgers Defendants sought a thirty-day extension of time, until July 10, 2021, to answer, move or otherwise respond to the amended complaint, (ECF No. 30), which this Court granted on June 11, 2021.  (ECF No. 31).  These defendants, however, never responded to the Amended Complaint.  On June 22, 2021, Plaintiff filed the instant motion to remand, contending that his removal of the only federal law count – the Section 1983 claim – deprives this Court of subject matter jurisdiction, and thus warrants remand. (ECF No.  at 32).

## II.     ANALYSIS

Plaintiff does not dispute that the District Court had jurisdiction over the removed original complaint.  "'Subject matter jurisdiction defines the court's authority to hear a given type of case….'"  *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (internal citation omitted). A district court unquestionably has federal question jurisdiction over a Section 1983 claim.  *Bringa v. Roque*, Civ. No. 13-3296 (KM), 2015 U.S. Dist. LEXIS 24116, at *13 (D.N.J. Feb. 27, 2015) (internal citations omitted).  *See* 28 U.S.C. § 1331.  "Federal question jurisdiction arise when a federal court has subject matter jurisdiction arising under 'the Constitution, laws, or treaties of the United States.'"  *Makwana v. Medco Health Servs.*, Civ. No. 14-7096 (JMV), 2016 U.S. Dist. LEXIS 180066, at *10 (D.N.J. Dec. 28, 2016) (quoting *Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011)).

Plaintiff's motion turns on whether Plaintiff's decision to drop the federal claim from the case automatically deprives the Court of subject matter jurisdiction and thus compels remand, or can and should the Court retain jurisdiction over the remaining state law claims.  This Court finds that merely dropping the sole federal claim from the amended complaint does not

necessarily deprive a district court of jurisdiction. *See Bringa,* 2015 U.S. Dist. LEXIS 24116, at *13-14; *Alicea v. Outback Steakhouse*, Civ. No. 10-4702 (JLL) (CCC), 2011 WL 1675036, at *4 (D.N.J. May 3, 2011), *report and recommendation adopted*, Civ. No. 10-4702 JLL, 2011 WL 2444235 (D.N.J. June 9, 2011) (citing *Felice v. Sever*, 985 F.2d 1221, 1225 (3d Cir. 1993)). Therefore, a plaintiff is "'not automatically entitled to remand of [his] case simply because [his] Amended Complaint allegedly no longer includes the federal questions raised by the original Complaint.'" *Alicea*, 2011 WL 1675036, at *4 (citing *Pettit v. New Jersey*, CIV.A.09-3735-NLH-JS, 2010 WL 1006407, at *1 (D.N.J. Mar. 17, 2010)) (further citation omitted).

Rather, the Court, in its discretion, may decline to exercise supplemental jurisdiction over the remaining state law claims. *Bringa,* 2015 U.S. Dist. LEXIS 24116, at *14. "When the single federal-law claim in the action [ ] [was] eliminated at an early stage of the litigation, the District Court [ ] [has] a powerful reason to choose not to continue to exercise jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988). As such, after all federal claims are eliminated from the case, "a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Id.* at 357. *See Makwana,* 2016 U.S. Dist. LEXIS 180066, at *10 (citing 28 U.S.C. § 1367(c)(3)). In exercising its discretion under such circumstances, the Third Circuit has determined that "'the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" *Makwana,* 2016 U.S. Dist. LEXIS 180066, at *10-11 (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)). Further, while the district court's determination is grounded in discretion, "'[t]he general approach is for a district court to … hold that supplemental jurisdiction should not be exercised where there is no

longer any basis for original jurisdiction.'" *Id.* at 11 (quoting *Schaffer v. Twp. of Franklin*, Civ. No. 09-347, 2010 U.S. Dist. LEXIS 18447 (D.N.J. Mar. 1, 2010)).

Here, in weighing all relevant considerations, this Court finds there is no significant basis to retain jurisdiction, and thus remand is proper. As previously noted, Plaintiff has removed his federal claim from the amended complaint.[5] Further, despite the passage of time, this case is in its infancy. There are no motions to dismiss pending, either having been withdrawn by the parties or administratively terminated by Judge Vazquez. Additionally, none of the defendants have answered or otherwise responded to the amended complaint. To that end, an Initial Scheduling Conference has not yet been scheduled, and thus discovery has not commenced. In short, the Court has not expended substantial judicial resources to this case. Defendants have not opposed remand, and thus have not claimed any inconvenience or unfairness to them as a basis to exercise jurisdiction over the state law claims. On the other hand, Plaintiff seeks to return to the forum where he originally filed his case, which would be fair and presumably convenient for him. Finally, remand would serve the goal of judicial economy by permitting a case grounded in New Jersey state law to be decided from the outset by a New Jersey state court. *See Bringa*, 2015 U.S. Dist. LEXIS 24116, at *15-16; *Alicea*, 2011 WL 1675036, at *5.

## III. CONCLUSION

For the reasons stated above, the Undersigned respectfully recommends that Plaintiff's Motion to Remand be **GRANTED**. The parties are advised that, pursuant to Federal Rule of

---

[5] Plaintiff's mere reference to Section 1983 in the second count of his amended complaint does not convert his new NJCRA claim into a Section 1983 claim for the purpose of determining whether the Court has federal question jurisdiction over the claim. (Am. Compl., at ¶ 50). The amended complaint asserts that the relief available under the NJCRA is as expansive as that available under Section 1983, and thus Plaintiff may choose to pursue recovery under either or both statutes. (*Id.*). *See Bringa*, 2015 U.S. Dist. LEXIS 24116, at *16 (stating that the similar standards that govern actions under Section 1983 and the NJCRA "are not sufficient to require litigation in federal court…."). Plaintiff has chosen to pursue only a NJCRA claim at this juncture.

Civil Procedure 72(b)(2), they have fourteen (14) days after receiving a copy of this Report and Recommendation to serve and file any specific written objections to the Honorable John M. Vazquez, U.S.D.J.

Dated: October 12, 2021

s/ Jessica S. Allen  
Hon. Jessica S. Allen  
United States Magistrate Judge

cc:     Hon. John Michael Vazquez, U.S.D.J.